UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRELL McCOY, on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

**ORDER**
13-CV-711S

ANTHONY J. RESTAINO, as Commissioner of
the Niagara County Department of Social
Services,

        Defendant.

1.      Plaintiff Darrell McCoy commenced this putative class action pursuant to 42 U.S.C. § 1983 alleging that Defendant's customs, policies, and practices of failing to process applications for public assistance within the time frames mandated by state and federal law, and to provide timely and adequate written notices of delays in application determinations, as well as available relief, violated federal law, state law, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Presently before this Court is Plaintiff's motion for a temporary restraining order and preliminary injunction. (Docket No. 7.)

2.      Plaintiff first seeks permission for Jeremy Mosholder to intervene as a named plaintiff and class representative in this action pursuant to Rules 23 and 24(b) of the Federal Rules of Civil Procedure. (Docket No. 6 ("First Motion to Amend/Correct Complaint").) Because it is less than 21 days from service of the initial complaint and no answer has yet been filed, Plaintiff may file an amended complaint adding a putative class

representative as of right and need not seek leave to do so. Fed. R. Civ. P. 15(a)(1)(A). This motion is therefore dismissed as moot and Plaintiff is directed to file the amended complaint attached to this motion as the operative pleading by August 1, 2013. Any objection Defendant has to Plaintiff Mosholder may be raised in opposition to the motion for class certification.

3. In addition to seeking a preliminary injunction directing Defendant to, among other things, timely process all food stamp and cash public assistance applications within the time frames required by federal and state law, Plaintiff also seeks an *ex parte* temporary restraining order on behalf of "plaintiff-intervenor" Mosholder directing Defendant to (1) expeditiously process Mosholder's food stamp and cash public assistance applications and, if eligible, provide such assistance within 48 hours of this Court's order; (2) "provide [Mosholder] expedited food stamps within 24 hours" of this Court's order; and (3) "provide adequate written notice to [Mosholder] of [the] determination of eligibility for any and all benefits applied for and eligibility for expedited food stamps within 48 hours" of this Court's order. (Docket No. 7.) There is no argument or evidence specific to Plaintiff Mosholder, however, in either the supporting attorney declaration or memorandum of law, which instead focus only on the general request for a preliminary injunction. As a result, it is unclear why immediate *ex parte* relief is necessary for Plaintiff Mosholder, particularly where the allegations indicate that Plaintiff McCoy's assistance applications have been pending twice as long.

4. This Court will therefore deny the request for immediate *ex parte* relief. The parties

are directed to appear before this Court at 9 a.m. on Thursday, July 25, 2013 for a Status Conference on the Motion for a Temporary Restraining Order and Preliminary Injunction. (Docket No. 8.) Plaintiff is also directed to serve a copy of this order on Defendant within one day of the date of this order

    SO ORDERED.


Dated:   July 22, 2013
          Buffalo, New York

                                        <u>/s/William M. Skretny</u>
                                        WILLIAM M. SKRETNY
                                              Chief Judge
                                      United States District Judge